[Cite as *Akron v. Threadgill*, 2024-Ohio-5674.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | C.A. No. 30778 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ASHLEY THREADGILL | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 22CRB04825 |

DECISION AND JOURNAL ENTRY

Dated: December 4, 2024

HENSAL, Judge.

**{¶1}** Ashley Threadgill appeals her conviction for misconduct at an emergency by the Akron Municipal Court. For the following reasons, this Court affirms.

I.

**{¶2}** After a group of individuals in downtown Akron began to destroy private property on the evening of July 3, 2022, the mayor declared a state of emergency. Law enforcement closed several roads and worked to corral the individuals and move them out of the downtown area.

**{¶3}** Around 2:30 a.m., Ms. Threadgill parked her vehicle in downtown Akron and walked toward an intersection where police had closed the roads to the south and west. Before being moved away from the intersection, individuals had smashed the windows of the city vehicles that were barricading one of the roads. A block west of the intersection, the individuals had smashed building windows and set a dumpster on fire. Law enforcement who were stationed at

the intersection stopped Ms. Threadgill as she approached it and directed her to return to her vehicle.

{¶4} Ms. Threadgill did not comply with the officers' directives. She argued with them about whether there was a curfew in place, whether she had to comply with a curfew, and whether she should be allowed to proceed through the area. After Ms. Threadgill failed to comply with scores of orders to return to her vehicle, officers arrested her for misconduct at an emergency, in violation of Ohio Revised Code Section 2917.13(A)(3). A jury found her guilty of the offense, and the municipal court sentenced her to 30 days in jail. Ms. Threadgill has appealed, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING DEFENDANT ASHLEY THREADGILL'S CRIM.R. 29(A) MOTIONS FOR JUDGMENT OF ACQUITTAL.

{¶5} In her first assignment of error, Ms. Threadgill argues that the trial court should have granted her motion for judgment of acquittal under Criminal Rule 29(A). Under Criminal Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction . . . ." Crim.R. 29(A). Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

**{¶6}** Section 2917.13(A)(3) provides that "[n]o person shall knowingly . . . [f]ail to obey the lawful order of any law enforcement officer engaged in the law enforcement officer's duties at the scene of or in connection with a fire, accident, disaster, riot, or emergency of any kind." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

**{¶7}** Ms. Threadgill argues that the City did not establish that she disobeyed an order issued to her by a law enforcement officer engaged in duties at the scene of an emergency. She argues there was no evidence that there was an emergency at the intersection where she was arrested, with officers admitting that they had already cleared that intersection. She also argues that, even though the mayor had issued an order that declared a state of emergency, there was no duration noted on the order; and argues that, even if the order was still in effect, it does not mean it applied to the entire downtown area during its entire duration. Ms. Threadgill further argues that there was no evidence that she was involved in the protests or in any of the criminal behavior that had occurred throughout the evening.

**{¶8}** Ms. Threadgill notes that the term "emergency" is not defined by the statute. The jury also did not receive a specific instruction as to its meaning. Accordingly, we must give the term its common, everyday meaning. *State v. Zaleski*, 2010-Ohio-5557, ¶ 12 (10th Dist.). We note, however, that Section 2917.13(A)(3) includes "fires, accidents, disasters, and riots" in

addition to "emergenc[ies] of any kind." We also note that the statute indicates that the misconduct may occur either "at the scene" or "in connection with" such situations.

{¶9} Officers testified that the protests were initially centered on a police station that was one block south of the intersection where Ms. Threadgill was arrested. When someone shattered one of the windows of the police station, officers emerged from it and attempted to disperse the crowd. Some of the individuals headed north to the intersection where Ms. Threadgill was arrested. Police eventually moved them away from the intersection, but not before the windows of city vehicles were smashed. The individuals then moved west where they smashed more building windows and set the contents of a dumpster on fire. Officers testified that the city deployed its mobile field force team, which specializes in addressing civil unrest, in addition to its regular on-duty officers, and gradually worked on moving the people south and west. Several officers remained posted at the intersection where Ms. Threadgill was arrested, however, to ensure that the area would remain secure.

{¶10} According to officers, although there was no protest activity occurring at the intersection when Ms. Threadgill arrived, officers were still engaged with crowds in other parts of the downtown area. Ms. Threadgill acknowledges that one of the groups was only five blocks away. The state of emergency order that the mayor issued had not been rescinded. A video that was admitted showed numerous destructive acts throughout the downtown area that evening. Notably, the acts occurred where there was not an active police presence.

{¶11} Upon review of the record, we conclude that there was sufficient evidence from which the jury could find that the orders Ms. Threadgill failed to obey were issued in connection with a riot or other emergency. The trial court, therefore, correctly denied her motion for judgment of acquittal under Rule 29(A). Ms. Threadgill's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING VIDEO EVIDENCE OF RIOTING IN WHICH DEFENDANT THREADGILL HAD NOT PARTICIPATED.

{¶12} In her second assignment of error, Ms. Threadgill argues that the trial court incorrectly allowed the City to play a video compilation of the rioting that occurred on the evening of July 3, 2022. She argues that any of the facts the video established could have been proved through other means and that playing the video unfairly associated her with the vandals it depicted.

{¶13} The trial court possesses broad discretion in determining the admission of evidence. *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984). "Absent an issue of law, this Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review." *State v. Ellis*, 2014–Ohio–4186, ¶ 25 (9th Dist.). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). Unless the trial court "has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court." *State v. Issa*, 93 Ohio St.3d 49, 64 (2001).

{¶14} Ms. Threadgill argues that, even if the video was relevant, it should have been excluded under Evidence Rule 403. That rule provides that, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). The City argues that the video was necessary to establish that there was an ongoing emergency downtown that evening. Ms. Threadgill, however, argues that the video only shows events that occurred more than an hour

before she arrived downtown and that the City inconsistently argues that the video was necessary, cumulative, and de minimis.

{¶15}  This Court has reviewed the video and concludes that the trial court did not exercise improper discretion when it allowed the City to play it.  Ms. Threadgill contested at trial whether there was an ongoing emergency at the time of her arrest and the officers who were located at the intersection where she was arrested could not testify to what had happened or was happening elsewhere throughout the downtown area.  To establish that there was rioting occurring in the city, the video necessarily needed to depict rioting.  We do not agree with Ms. Threadgill that just because the video depicts numerous people destroying public and private property, the jury would associate her with the commission of those acts.  Ms. Threadgill's second assignment of error is overruled.

III.

{¶16}  Ms. Threadgill's assignments of error are overruled.  The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR

APPEARANCES:

KENDRA N. DAVITT and LOUIS E. GRUBE, Attorneys at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and VONSHEAY V. BROWN and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.